**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:13-CV-247-DCK**

| | |
|---|---|
| PAMELA RANKIN, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| WAL-MART STORES EAST, LP, | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on Defendant's "Motion To Dismiss" (Document No. 3). The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and this motion is ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will <u>deny</u> the motion.

### I. BACKGROUND

Plaintiff originally filed this action in the North Carolina Superior Court for Mecklenburg County on December 21, 2012. (Document No. 3-1, p.1). Plaintiff's "Complaint" (Document No. 1-2) alleges that on December 24, 2009, while Plaintiff was a lawful guest/shopper at Defendant's business, Plaintiff slipped and fell on a grape, injuring herself and resulting in substantial medical bills. (Document No. 1-2, pp.1-2). Plaintiff further alleges that Defendant owed a duty of care to provide a safe place to shop while on its premises, that Defendant knew or should have known that a grape had fallen on the floor, and that Plaintiff might slip and fall on the grape. (Document No. 1-2, p.2). According to Plaintiff, Defendant failed to provide a safe shopping experience, thus breaching its duty of care. (Document No. 1-2, p.2).

Defendant filed its Motion To Dismiss and Answer on February 4, 2013, in the Superior Court of Mecklenburg County, and also served Plaintiff with a Request for Written Statement of Monetary Relief Sought. (Document No. 3-1, p.2) (Document No. 1, pp.2-3). On April 23, 2013, Defendant removed the state court action to this Court, pursuant to 28 U.S.C. §§ 1332 and 1446. (Document No. 1).

Defendant filed its pending "Motion To Dismiss" (Document No. 3), pursuant to Fed.R.Civ.P. 12(b)(6) on April 30, 2013. In its supporting "Memorandum . . .", Defendant argues that Plaintiff's Complaint fails to set forth facts which state a plausible negligence claim. (Document No. 3-1, p.4). Specifically, Defendant argues that many of Plaintiff's allegations are actually legal conclusions and that Plaintiff does not set forth any facts regarding any action or inaction that Defendant undertook, or failed to take, that caused or contributed to the grape being on the floor. (Document No. 3-1, p.6). None of Plaintiff's allegations show Defendant had knowledge of the grape on the floor or that the grape was on the floor for a sufficient period of time for Defendant to discover or know of it being on the floor. (Document No. 3-1, p.4).

In her "Memorandum of Law In Opposition . . ." (Document No. 8) filed on May 15, 2013, Plaintiff argues that these issues ("[t]he whom, what, when, how, and why of this case") are to be developed during discovery. (Document No. 8, p.6). Plaintiff also rebuts Defendant's claims that her allegations are legal conclusions instead of factual allegations. (Document No. 8, pp.4-6).

In its "Reply Memorandum . . ." (Document No. 10) filed on July 3, 2013, Defendant states that a premises liability claim requires a Plaintiff to show that Defendant either negligently created the condition that resulted in the injury, or negligently failed to correct the condition after receiving actual or constructive notice of it. (Document No. 10, p.2) (citing <u>Wood v. United</u>

States, 1997 WL 42711, at *1 (4th Cir. 1997)).  Defendant argues that Plaintiff's Complaint does not meet this standard as she does not plead any facts that show Defendant caused the grape to be on the floor or that Defendant received actual or constructive notice of the grape and failed to correct the condition.  (Document No. 10, p.2).

## II.  STANDARD OF REVIEW

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000).  A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1960 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007));  see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"  In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (citing Twombly, 550 U.S. at 555-56).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III. DISCUSSION

In North Carolina, to establish a claim for negligence, a plaintiff must establish the following elements: duty, breach of duty, proximate cause, and damages. Camalier v. Jeffries, 340 N.C. 699, 706 (1995). In order to survive a Rule 12(b)(6) motion, "a complaint asserting a negligence claim must disclose 'that each of the elements is present in order to be sufficient.'" Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002) (citation omitted).

In a premises liability negligence action, a store owner owes the "duty to exercise ordinary care to keep the premises in a reasonably safe condition and to give warning of hidden perils or unsafe conditions in so far as can be ascertained by reasonable inspection and supervision." Watkins v. Taylor Furnishing Co., 224 N.C. 674, 676 (1944). The store owner is not, however, an insurer of the safety of a customer. Id. In order to prove that the defendant-store owner is negligent, a plaintiff must show that the defendant either (1) negligently created the condition causing the injury, or (2) negligently failed to correct the condition after actual or constructive notice of its existence. Roumillat v. Simplistic Enterprises, Inc., 414 S.E.2d 339, 342-43 (N.C. 1992) (citing Hinson v. Cato's, Inc., 271 N.C. 738, 739 (1967)). If the defendant did not cause the dangerous condition, but it is instead attributable to third parties or an independent agency, the plaintiff must show that the condition "existed for such a length of time that defendant knew or by the exercise of reasonable care should have known of its existence, in

time to have removed the danger or [to have] given proper warning of its presence." Roumillat, 414 S.E.2d at 344 (citing Powell v. Deifells, Inc., 251 N.C. 596, 600 (1960)).

Therefore, to survive a 12(b)(6) motion to dismiss in a premises liability negligence action, the plaintiff must allege that the storeowner owed the plaintiff the above duty, and breached that duty by either negligently creating a dangerous condition or failing to correct it, thus causing the plaintiff's injuries.

This Court has stated that "despite the somewhat more stringent pleading standards now required under Iqbal, surviving a Rule 12(b)(6) motion remains a relatively low bar." Synovus Bank v. Coleman, 887 F.Supp.2d 659, 668 (W.D.N.C. 2012). In Ahmed v. Porter for example, this Court denied a motion to dismiss negligence claims, stating that "plaintiffs clearly allege each element of the tort of negligence. Inasmuch as notice of the claim is all that is required in pleading negligence, and it appearing that plaintiffs have met those minimal requirements, the questions raised in [defendant]'s motion can all be answered through discovery." 2009 WL 2581615, at *25 (citing Sutton v. Duke, 277 N.C. 94, 102 (1970)).

The District of South Carolina similarly denied a motion to dismiss in a negligence case based on the plaintiffs' allegations that the defendants "were negligent by failing to use the degree of care a reasonably prudent person would have used under the circumstances" and that "plaintiffs were economically damaged" as a result of defendant's negligence. May v. Peninger, 2008 WL 509470, at *10 (D.S.C. 2008). The South Carolina court found that plaintiffs had sufficiently "alleged the necessary elements to state a cause of action for negligence" and thus denied the defendants' Rule 12(b)(6) motion to dismiss. Id.

Taking Plaintiff's allegations as true and considering the above law, the undersigned is persuaded that Plaintiff has alleged "factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949. Plaintiff alleges that Defendant owed a duty of care to provide Plaintiff with a safe place to shop while on its premises. (Document No. 1-2, p.2). Defendant, as a store owner, does not challenge the existence of a duty owed toward Plaintiff and further details the specifics of that duty in its Reply Memorandum. (Document No. 10, p.2). Plaintiff further alleges that, while in Defendant's store, she slipped and fell on a grape, which resulted in injuries requiring medical care. (Document No. 1-2, p.2). These claims regarding causation and injury are plausible on their face and also uncontested by Defendant.

Defendant's challenge to Plaintiff's Complaint focuses on the breach element, specifically, whether or not Defendant had knowledge of the grape on the floor. Plaintiff's Complaint states that Defendant knew or should have known of the dangerous condition created by the grape on the floor and, therefore, negligently failed to provide a safe shopping experience by not correcting this dangerous condition. (Document No. 1-2, p.2). However, Defendant contends that Plaintiff did not provide any specific basis for this knowledge and did not sufficiently plead actual or constructive knowledge, as required in a premises liability claim. (Document No. 10, p.4).

Plaintiff argues that the specifics of Defendant's knowledge of the dangerous condition, such as the "whom, what, when, how and why of this case," are issues for discovery. (Document No. 8, p.6). See Ahmed, 2009 WL 2581615, at *25 ("the questions raised in [defendant]'s motion can all be answered through discovery"). Moreover, the undersigned notes the Supreme Court has opined that "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what ... the claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. at 93.

The undersigned is satisfied that Plaintiff has made sufficient factual allegations to support a plausible claim. In short, it appears that Plaintiff's Complaint is adequate to survive a motion to dismiss at this early state of the litigation.

## IV.  CONCLUSION

**IT IS, THEREFORE, ORDERED** that Defendant's "Motion To Dismiss" (Document No. 3) is **DENIED.**

Signed: July 22, 2013

David C. Keesler
United States Magistrate Judge