# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:13-CV-247-DCK

| | |
|---|---|
| PAMELA RANKIN, | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| WAL-MART STORES EAST, LP, | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on "Defendant's Motion For Summary Judgment" (Document No. 12), and the "Motion To Extend Time For Plaintiff To Respond To Defendant's Motion For Summary Judgment Until Expiration Of Discovery Deadline Pursuant To Pre-Trial Order" (Document No. 16). The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and immediate review of these motions is appropriate. Having carefully considered the motions and the record, the undersigned will <u>deny</u> the motion for summary judgment without prejudice, and <u>grant</u> the motion to extend time.

## BACKGROUND

Plaintiff originally filed this action in the North Carolina Superior Court for Mecklenburg County on December 21, 2012. (Document No. 3-1, p.1). Plaintiff's "Complaint" (Document No. 1-2) alleges that on December 24, 2009, while Plaintiff was a lawful guest/shopper at Defendant's business, Plaintiff slipped and fell on a grape, injuring herself and resulting in substantial medical bills. (Document No. 1-2, pp.1-2). Plaintiff further alleges that Defendant owed a duty of care to provide a safe place to shop while on its premises, that Defendant knew or should have known that a grape had fallen on the floor, and that Plaintiff might slip and fall on

the grape. (Document No. 1-2, p.2). According to Plaintiff, Defendant failed to provide a safe shopping experience, thus breaching its duty of care. (Document No. 1-2, p.2). On April 23, 2013, Defendant removed the state court action to this Court, pursuant to 28 U.S.C. §§ 1332 and 1446. (Document No. 1).

Defendant filed its "Motion To Dismiss" (Document No. 3), pursuant to Fed.R.Civ.P. 12(b)(6) on April 30, 2013. In its supporting "Memorandum . . .", Defendant argued that Plaintiff's Complaint fails to set forth facts which state a plausible negligence claim. (Document No. 3-1, p.4). Specifically, Defendant argued that many of Plaintiff's allegations are actually legal conclusions and that Plaintiff does not set forth any facts regarding any action or inaction that Defendant undertook, or failed to take, that caused or contributed to the grape being on the floor. (Document No. 3-1, p.6).

On May 7, 2013, the parties filed their "Certification And Report Of F.R.C.P. 26(f) Conference And Discovery Plan" (Document No. 4). The undersigned notes that the parties' proposed deadlines and discovery plan were adopted in full by the Court's "Pretrial Order And Case Management Plan" (Document No. 6) on May 8, 2013. Also, on May 7-8, 2013, the parties consented to magistrate jurisdiction in this case, and designated Paul D. Hefferon as their mediator. (Document Nos. 5 and 7).

Plaintiff filed a timely "Memorandum of Law In Opposition . . ." (Document No. 8) on May 15, 2013, asserting *inter alia* that issues raised by the "Motion To Dismiss," ("[t]he whom, what, when, how, and why of this case"), were to be developed during discovery. (Document No. 8, p.6). "Defendant's Reply Memorandum…" (Document No. 10) was filed July 3, 2013. On July 22, 2013, the undersigned issued an "Order" (Document No. 11) denying Defendant's "Motion To Dismiss" (Document No. 3). The Court concluded that "Plaintiff has made

sufficient factual allegations to support a plausible claim" and that the Complaint was "adequate to survive a motion to dismiss at this early stage of the litigation." (Document No. 11, p.7).

The pending "Defendant's Motion For Summary Judgment" (Document No. 12) was filed shortly thereafter, on August 1, 2013. Also pending is Plaintiff's request that the time for her to respond to the summary judgment motion be extended until after the completion of discovery. (Document Nos. 14 and 16). Defendant has filed a "Notice" (Document No. 17) that it does not intend to further respond to Plaintiff's "Motion To Extend Time…" (Document No. 16) for the reasons stated in Plaintiff's motion, specifically, that Defendant consents to allowing Plaintiff to engage in 45 days of discovery "limited to logistics of inspection of the subject area." See (Document No. 16, p.2). Plaintiff seeks "to engage in discovery pursuant to the Court's Pre-Trial Order." Id.

## DISCUSSION

Under the circumstances, most particularly Plaintiff's recent survival of a motion to dismiss, the undersigned finds that Plaintiff should be allowed to proceed with discovery, as proposed by the parties and adopted by the Court. See (Document Nos. 4 and 6). Moreover, the undersigned is not persuaded that Defendant will suffer any significant prejudice by cooperating in discovery, or by having its motion for summary judgment dismissed without prejudice to re-file at a later date -- after the completion of discovery and mediation.

It appears that Defendant has completed the discovery it believes is necessary to support a favorable ruling on summary judgment. See (Document Nos. 12 and 13). As such, the parties are welcome to file a joint motion to amend the discovery plan and/or remaining case deadlines. However, if the parties are unable to agree on an expedited schedule, the undersigned is not inclined to alter the existing "Pretrial Order And Case Management Plan" (Document No. 6).

**CONCLUSION**

**IT IS, THEREFORE, ORDERED** that "Defendant's Motion For Summary Judgment" (Document No. 12) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the "Motion To Extend Time For Plaintiff To Respond To Defendant's Motion For Summary Judgment Until Expiration Of Discovery Deadline Pursuant To Pre-Trial Order" (Document No. 16) is **GRANTED**.

Signed: August 28, 2013

David C. Keesler
United States Magistrate Judge